STATE OF MAINE

*vs.*

BELVEDERE HOTEL CORPORATION

AND

THE CENTURY INDEMNITY COMPANY.

Kennebec.    Opinion, June 1, 1944.

*Frank I. Cowan,* Attorney General,

*William H. Niehoff,* Assistant Attorney General, for the State.

*F. Harold Dubord,*

*William B. Mahoney,* for the defendants.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

THAXTER, J.   This action of debt against the principal and the surety on a bond is before us on report. The bond in form is identical with that considered in the case of *State of Maine* v. *Fitzgerald* decided this day. As in that case, it purports to have been given in accordance with the provisions of Public Laws 1937, Chap. 237, Sec. 4. The difference between that case and this is that here there was no criminal complaint and no conviction of the principal on the bond.

The state claims that, even though the bond is not strictly in accordance with the statute, there is no additional burden placed on the obligors by the variation from the statute, and recovery on it may therefore be had. On this theory the state argues that the only question before the court is whether there was a breach of the condition of the bond. We shall assume without deciding that this issue is before us.

The only evidence of a breach of the condition of the bond is that the license issued to the principal on it, in accordance with the provisions of Chap. 301, Public Laws of 1934, was revoked by the Maine State Liquor Commission for what the commission found was a violation of the laws of the State of Maine with respect to the sale of spirituous liquors.

What we said in the opinion in *State* v. *Fitzgerald* is controlling here. In an action on the bond the state must prove a breach of the condition of it, and the finding of the commission as to a violation of law is not only not controlling on the question of a breach but is not even evidence of it.

In accordance with the stipulation the entry will be

*Judgment for the defendants.*